**FILED**

LT APR 19 08/002334-237/537                    PKJ/mmb                        #397
APR 19, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GARY GRUSKI, Individually and on behalf of all          **07CV2183**
Other Similarly Situated,
                                        Plaintiffs    **JUDGE DARRAH**
                                                      **MAG. JUDGE VALDEZ**
v.
                                                        )
MENU FOODS, INC., a Canadian Corporation, NUTRO         )
PRODUCTS, INC., a California Corporation, and           )
PETSMART, INC., an Arizona Corporation,                 )
                                                        )
                                        Defendants.    )

### NOTICE OF REMOVAL OF CIVIL ACTION

Defendant MENU FOODS, INC. (hereinafter referred to as "MENU FOODS" or

"Defendant"), pursuant to 28 U.S.C § § 1441 and 1446, files this Notice of Removal ("Notice") of

this action from the Circuit Court of Cook County, Illinois to the United States District Court for the

Northern District of Illinois, Eastern Division. The grounds for removal are as follows:

**I.    INTRODUCTION**

1.    GARY BRUSKI (hereinafter referred to as "Plaintiff"), on behalf of himself, and all

others similarly situated, filed this products liability action against defendants MENU FOODS,

INC., NUTRO PRODUCTS, INC. and PETSMART, INC., in the Circuit Court of Cook County,

Illinois, on March 23, 2007. Plaintiff alleges that his pet (dog) suffered from renal failure after

consuming pet food manufactured and distributed by Defendants. Plaintiff further claims that he

sustained compensatory damages in excess of $50,000, as a result of his dog's illness. A true and

correct copy of the Complaint is hereto attached and incorporated by reference as Exhibit A.

2.      MENU FOODS has yet to be served with a copy of the Summons and the Complaint; however, makes this Notice having received notice of this action. Pursuant to 28 U.S.C. § 1441, this Notice of Removal is timely filed.

3.      As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and this action is removable under 28 U.S.C. § 1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different States. Therefore, pursuant to 28 U.S.C. § 1441(a), the Defendant may remove this action to this Court.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.    The Amount in Controversy Requirement Exceeds $5,000,000.

4.      It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $5,000,000, exclusive of costs and interest. Plaintiff filed this class action on behalf of himself and similarly situated individuals whose pets became ill and/or died after consuming various brands of allegedly tainted wet, or "cuts and gravy" style, dog and cat food manufactured by Defendants and distributed and sold throughout the State of Illinois. Plaintiff alleges that he has sustained damages in excess of $50,000, as a result of his dog's illness. In addition, Plaintiff alleges that other class members' dogs and cats have exhibited signs of renal failure, while other dogs and cats have even died of renal failure as a result of consuming the allegedly contaminated pet food in question. Plaintiff acknowledges that the members of the class are numerous and there are thousands of members of the class that are geographically dispersed throughout the entire state of Illinois. Plaintiff's prayer for relief seeks compensatory damages in excess of fifty thousand dollars ($50,000); punitive damages; and attorneys fees, on behalf of

himself and all the members of the class. Further, nowhere in the Complaint does the Plaintiff limit the amount in controversy to less than $5,000,000. See Exhibit "A."

5.       "Where the class action complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Davis v. Chase Bank U.S.A., 453 F.Supp.2d 1205, 1208 (C.D. California, 2006). Under this standard, "the defendant must provide evidence that is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." Davis, 453 F.Supp.2d at 1208, citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 67 676, 683 (9th Cir.2006).

6.       Based on the fact that MENU FOODS has issued what is purported to be one of the largest recalls (approximately 60,000,000 units) of products in the pet food industry's history, and the types of damages claimed in the Complaint, it is apparent that the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

7.       Moreover, there are numerous pending class actions against MENU FOODS in various federal judicial districts (including the Northern District of Illinois, Eastern Division) in which the named plaintiffs allege that jurisdiction exists under 28 U.S.C. § 1332(d)(2). There is no reason to believe that the damages or amount in controversy, exclusive of costs and interests, claimed by the Plaintiff in this civil action will be less than those alleged in the pending federal cases.

8.       MENU FOODS has therefore met its burden of showing a reasonable probability that the amount in controversy satisfies the federal jurisdictional amount.

**B.    Complete Diversity of Citizenship Exists.**

9.      There is complete diversity of citizenship between the Plaintiff and the Defendants in this action. Diversity in a class action is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10.     According to the Complaint, the named Plaintiff is a citizen of the State of Illinois.

11.     Defendant MENU FOODS, INC. is a New Jersey corporation with its principal executive offices located at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1) (West 2000).  Thus, MENU FOODS is deemed to be a citizen of the State of New Jersey, and not the State of Illinois.

12.     The other named defendants, NUTRO PRODUCTS, INC., a California Corporation, and PETSMART, INC., an Arizona Corporation, have not appeared in this action to date. Accordingly, it is not necessary that any parties join in this Notice of Removal of Action.

13.     This case should be removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1332 and 1441, because (1) the Plaintiff is a citizen of the State of Illinois ; (2) MENU FOODS is not a citizen of the State of Illinois; and (3) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

**III.    PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

14.     This Notice of Removal is timely according to 28 U.S.C. § 1446(b).

15.     The Defendant, in good faith, believes that the amount in controversy exceeds $5,000,000, exclusive of costs, and complete diversity of citizenship exists.

16.    The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. § 93(a)(1).

17.    Pursuant to 28 U.S.C. §1446(d), the Defendant is filing written notice of this removal to all adverse parties and will file a copy of the notice with the clerk of the State court in which this action is currently pending.

WHEREFORE, the Defendant, MENU FOODS, INC., respectfully moves this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. 28 U.S.C. § 1332, 1441 and 1446.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By: _____
One of the Attorneys for MENU FOODS

Edward B. Ruff
Michael P. Turiello
Priya K. Jesani
Attorneys for MENU FOODS
PRETZEL & STOUFFER, CHARTERED
 One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

28.062334-237/537                    PKJ/mmb                         #25017

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

GARY GRUSKI, Individually and on behalf of all   )
Other Similarly Situated,   )
                           Plaintiffs,   )
   )
v.   ) No: 07 CH 08338
   )
MENU FOODS, INC., a Canadian Corporation, NUTRO   )
PRODUCTS, INC., a California Corporation, and   )
PETSMART, INC., an Arizona Corporation,   )
   )
                        Defendants.   )

## **ATTESTATION**

Priya K. Jesani, Esq, being first duly sworn on oath, deposes and states as follows:

1.     She is one of the attorneys for the defendant/petitioner, MENU FOODS, INC., in this cause.

2.     She has prepared and read the Notice of Removal filed in this cause and has personal knowledge of the facts and matters contained in it; and

3.     The facts and allegations contained in the Notice of Removal are true and correct to the best of her knowledge.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By: _____
       Priya K. Jesani

SUBSCRIBED and SWORN to
before me this 19 day of
_____April_____, 2007.
_Monica M Bendik_
NOTARY PUBLIC

OFFICIAL SEAL
MONICA M. BENDIK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-23-2008

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CHANCERY DIVISION

GARY BRUSKI, Individually and on Behalf    )
of all Others Similarly Situated,    )
    )
        Plaintiffs,    )
    )
        vs.    )    NO.:
    )
MENU FOODS, Inc., a Canadian Corporation,    )    **'07CH  08338**
NUTRO PRODUCTS, Inc., a California    )
Corporation, and PETSMART, Inc., an Arizona    )
Corporation,    )
    )
        Defendants.    )

## CLASS ACTION COMPLAINT

Plaintiff, GARY BRUSKI ("BRUSKI"), individually and on behalf of all others similarly situated, by and through their attorneys, BELLAS & WACHWOSKI, for his Complaint against Menu Foods, Inc., a Canadian Corporation ("Menu Foods"), Nutro Products, Inc., a California Corporation ("Nutro Products"), and PetSmart, Inc., an Arizona Corporation ("PetSmart"), states as follows:

## CLASS ACTION

(1)    Plaintiff, Gary Bruski, brings this cause of action as an individual and as a class action on behalf of himself and all others similarly situated in Illinois pursuant to 735 ILCS 5/3-801.

(2)    The class is defined as:

> "All persons in Illinois who purchased cuts and gravy style dog and cat food, manufactured by Menu Foods at its facility in Emporia, Kansas between December 3, 2006 and March 6, 2007 for sale by Nutro Products and distributed by PetSmart throughout Illinois."



EXHIBIT
A

(3)  Bruski bring this cause of action on his own behalf and, pursuant to the 735 ILCS 5/2-801(1)-(4) (1993), on behalf of all persons as their representative as indicated above in the class definition.

(4)  The class that Bruski seeks to represent is so numerous that joinder of all members is impracticable.  There are thousands of members of the class that are geographically dispersed throughout the entire state of Illinois.

(5)  Bruski's claims are typical of the claims of the members of the class because Bruski and all other members were injured by the same wrongful conduct of Menu Foods, Nutro Products and PetSmart alleged herein.

(6)  There are questions of fact and law common to the class, which common questions predominate over any questions affecting only individual members.

(7)  Because Bruski's claims are typical of the claims of the class, and he has no interest adverse to or which would irreconcilably conflict with the other members of the class, Bruski is an adequate class representative.

(8)  Bruski will fairly and adequately represent the interests of the class and has retained counsel experienced and competent in the prosecution of complex class action litigation.

(9)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action.  Such treatment will permit a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would engender.

Illinois, which store offers for sale a...

(10)   Class treatment will permit the adjudication of relatively small claims by many class members who could not afford to individually litigate such claims against the large corporate defendants. There are no difficulties likely to be encountered in the management of the class action that would preclude its maintenance as a class action, and no superior alternative exists to the form and efficient group-wide adjudication of this controversy.

## THE PARTIES

(11)   At all times relevant hereto, Bruski was and is a resident of the State of Illinois.

(12)   Between December 3, 2006 and march 6, 2007, Bruski purchased dog food products manufactured by Menu Foods for Nutro Products from the PetSmart store #0477 located at 140 N. Barrington Road, Schaumburg, Illinois.

(13)   At all times relevant hereto, Menu Foods was a corporation duly formed and existing pursuant to the laws of Canada. Although Menu Foods' world headquarters are located in Streetsville, Ontario, Canada, it produces cuts and gravy style dog and cat food at its facility in Emporia, Kansas which are then sold and distributed to major retailers such as PetSmart in Illinois for purchase by Illinois residents, and specifically residents in Cook County, Illinois.

(14)   At all times relevant hereto, Nutro Products was and is a corporation duly formed and existing pursuant to the laws of the State of California. Although Nutro Products' world headquarters are located in the city of Industry, California, it sells its Natural Choice dog and cat food products through major retailers such as PetSmart in Illinois for purchase by Illinois residents, and, specifically, resident in Cook County, Illinois.

(15)   At all times relevant hereto, PetSmart was and is a corporation duly formed and existing pursuant to the laws of the State of Arizona. Although PetSmart's world headquarters are located in Phoenix, Arizona, PetSmart owns, operates and has an interest in the PetSmart store located at 140 N. Barrington Road, in the City of Schaumburg, County of Cook, State of

Illinois, which store offers for sale to residents Nutro Products' Natural Choice dog and cat food manufactured by Menu Foods.

## FACTUAL ALLEGATIONS

(16)    In its public pronouncements, Nutro Products has represented that its "Natural Choice products use only the best ingredients that guarantee premium nutrition and superior performance. These benefits are visible in your dog's shiny coat, healthy skin and overall look and feel of good health."

(17)    During the time period from December 3, 2006 through March 6, 2007, purchasers of Natural Choice products who fed said products to their dogs and cats noticed that the dogs and cats refused further feedings, while others exhibited signs of renal failure, while still others dogs and cats who ingested Natural Choice products died of renal failure.

(18)    On march 16, 2007, Menu Foods informed the Food and Drug Administration that it was recalling certain dog and cat food products, including Natural Choice, after learning of complaints of vomiting and renal failure in dogs and cats following consumption of said products produced between December 3, 2005 and March 6, 2007.

(19)    Neither Nutro Products, PetSmart, or Menu Foods displayed any warning or disclaimers to advise pet owners that the dog and cat food products they were selling carried with them the risk of illness, renal failure or death of pets who ingested same.

(20)    Bruski owns a nine years old golden retriever.

(21)    Between December 3, 2006 and March 6, 2007 Bruski purchased Natural Choice products from the PetSmart store located at 140 N. Barrington Road, Schaumburg, Illinois.

(22)    The Natural Choice product purchased by Bruski for his dog from the aforementioned PetSmart location was a product of Nutro Products and was manufactured by Menu Foods.

(23)    Between December 3, 2006 and March 6, 2007, Bruski fed his dog the Natural Choice product describ·d above.

(24)    Following the ingestion of the Natural Choice product, Bruski's dog began to develop kidney failure and on February 28, 2007 was formally diagnosed with end stage renal failure.

(25)    By failing to disclose and warn its products were unsafe and unhealthy, the defendants damaged Bruski and others similarly situated by selling products the defendants knew or should have known were unhealthy, unsafe and dangerous to the health of their dogs and cats which ingested said products. In addition, by failing to disclose the unhealthy nature of said products, the defendants failed to provide Illinois dogs and cat owners with the information they needed to make an informed decision regarding the food products their dogs and cats were consuming.

## COUNT I-BRACH OF WARRANTY

(26)    Bruski repeats and realleges each and every prior allegation contained in this Complaint with the same form and effect as if fully set forth herein.

(27)    Menu Foods, Nutro Products, and PetSmart are merchants of dog and cat food products and knew that the ultimate consumers relied upon them to develop, manufacture and sell dog and cat food products that were reasonably safe.

(28)    Menu Foods, Nutro Products and PetSmart, both expressly (through advertisement and promotional materials) and impliedly, warranted that the dog and cat food products, including Natural Choice, were safe and fit for ordinary purpose and intended use and were free of design, manufacturing and production effects and would not cause death in dogs and cats which ingested same.

(29)    Menu Foods, Nutro Products and PetSmart also created an implied warranty of

merchantability to Bruski and others similarly situated Illinois pet owners that its dog and cat food products were (1) of at least fair or average quality; (2) fit to their ordinary purpose of dog and cat consumption; and (3) adequately labeled so as to advise Bruski and other similarly situated Illinois dog and cat owners that there was a significant risk of illness, injury or death based upon the consumption thereof.

(30)    Bruski and other similarly situated Illinois residents relied upon the defendants' warranties and purchased the aforementioned dog and cat food products.

(31)    The defendants breached their warranties in connection with the sale of the aforementioned dog and cat food products from December 3, 2006 through March 6, 2007 to Bruski and the member of the class.

(32)    As a direct and proximate and foreseeable result of the defendants' breach of the express and implied warranties, Bruski and other similarly situated Illinois residents have suffered damages in an amount in excess of fifty thousand ($50,000.00) dollars, specifically to be determined at trial.

## COUNT II-STRICT LIABILITY

(33)    Bruski repeats and realleges each and every allegation contained in this Complaint with the same force and effect as is fully set forth herein.

(34)    The defendants developed, manufactured, marketed and distributed the dog and cat food products mentioned herein for sale and sold them in the course of their business and continued to do so even after acquiring knowledge that they could kill animals who ingested same.

(35)    Natural Choice dog and cat food products manufactured and sold to Bruski and similarly situated Illinois pat owners from December 3, 2006 through March 6, 2007 were unreasonably dangerous due to the possibility of vomiting, renal failure and death in dogs and

cats which ingested same.

(36)    The defendants did not give adequate, meaningful warning regarding the significant risk of vomiting, renal failure and death from the dog and cat food products at issue.

(37)    As a direct and proximate result of the defendants' failure to warn of the serious risk, Bruski and other similarly situated Illinois dog and cat owners have suffered damages in an amount in excess of fifty ($50,000.00) dollars, specifically to be determined at trial.

(38)    The defendant conduct was outrageous.  Even though there was publicly available information prior to the product recall on March 16, 2007 that dogs and cats in Illinois were suffering significant illness and death as a result of the ingestion of products mentioned herein, the defendants continued to sell said products.

(39)    The defendants knew the aforementioned products were unsafe, unhealthy and dangerous and thereby showed a complete indifference to or conscious disregard of the safety of Bruski's pet and those of similarly situated dog and cat owners in Illinois.  Bruski and the members of the class are entitled to recover punitive damages against the defendants.

## COUNT III-NEGLIGENCE

(40)    Bruski repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

(41)    At all times relevant hereto, the defendants were engaged in the business of designing, manufacturing, selling and supplying the dog and cat food products at issue.

(42)    When placed in the stream of commerce in Illinois the dog and cat food products were not accompanied by any meaningful warning regarding the risk of vomiting, renal failure and death associated with said products.

(43)    By reason of the defendants' knowledge and expertise about the nutritional value of the dog and cat food products at issue, as well as the harmful effects associated with

consuming of same, the defendants owed a duty of care to Bruski and other similarly situated dog

and cat owners that required, among other things, that the defendants would be truthful and

accurate in their representations to Bruski and other similarly situated Illinois residents who

owned dogs and cats about the use and effect on said dogs and cats from ingestion of the

products at issue.

(44)    The defendants breached their duty of care to Bruski and other similarly situated

residents who owned dogs and cats that ingested the products at issue by negligently making

material misrepresentations as to the safety of said products.

(45)    The defendants knew or should have known that the aforementioned dog and cat

food products were not safe and healthy for consumption and not a part of a healthy lifestyle

when in fact the defendants knew those representations were false, misleading and deceptive.

(46)    The defendants' actions as described herein constitute knowing omissions,

suppression or concealment of material facts, made with the intent that others rely upon such

concealment, suppressions or omissions in connection with the purchase and feeding to their

dogs and cats the products at issue.

(47)    The behavior of the defendants demonstrated that the defendants unlawfully and

negligently, used and employed unconscionable commercial and business practices, engaged in

deception, fraud, false pretenses or misrepresentations and/or perpetrated the knowing

concealment, suppression or omission of material facts with the intent that dog and cat owners,

including Bruski and other similarly situated members of the class rely upon such concealment,

suppression or omission in connection of the sale and advertisement of the dog and cat food

products at issue.

(48)    Bruski and other similarly situated dog and can owners in Illinois reasonably

relied on the defendants representations.

(49)    This reliance was not only foreseeable by the defendants but also intended by the defendants and it was foreseeable by the defendants that Bruski and other similarly situated dog and cat owners in Illinois would rely upon those representations and that such reliance would cause injury to Burski and other similarly situated dog and can owners in Illinois.

(50)    The behavior of the defendants was intended to maximize sales and profits at the expense of the safety and well being of dogs and cats in Illinois and their owners, was outrageous and performed with evil motive, intent to injure, ill will and without legal justification or excuse and without regard to the safety and well being of dogs and cats in Illinois or their owners.

(51)    As the direct and proximate cause and legal result of the defendants' failure to provide adequate warnings to the ingestor of the product at issue, and as a direct and legal result of the negligence, carelessness, or other wrongdoing and actions or omissions of the defendants, including the manufacturing, distribution and sale of unhealthy dog and cat food products, Bruski and members of the class' dogs and cats have suffered or will suffer adverse health effects from said consumption.

(52)    Bruski and other similarly situated Illinois dog and cat owners are entitled to damages in excess of fifty thousand ($50,000.00) dollars, specifically to be determined at the trial, punitive damages, plus interest and costs, including reasonable attorney's fees.

## COUNT IV-FRAUD

(53)    Bruski repeats and realleges each and every prior allegation contained in this Complaint with the same force and affect as if fully set forth herein.

(54)    The defendants concealed from Bruiski and other similarly situated Illinois dog and cat owners the knowledge they knew of the defects and inherent danger associated with the products at issue even though the defendants were aware of widespread news and reports of dog and cat illness and death associated with the products at issue in Illinois prior to the product

recall on March 16, 2007.

(55)    The defendants had a unique knowledge as to the potential health hazards associated with the products at issue prior to March 16, 2007 and had a duty to inform Bruski and other similarly situated dog and cat owners in Illinois of said risk.

(56)    As a direct and proximate result of the defendant's concealment of the material facts Bruski and other similarly situated Illinois dog and cat owners were damaged.

WHEREFORE, the Plaintiff, GARY BRUSKI, requests that this Court enter a judgment jointly and severally against MENU FOODS, NUTRO PRODUCTS and PETSMART and in favor of Plaintiff and seeks the following relief:

A.   That this matter be certified as a class action on behalf of the proposed class described herein and that counsel of record be appointed to represent the class;

B.   Award to the Plaintiff and the class compensatory damages in excess of fifty thousand ($50,000.00) dollars;

C.   Award the Plaintiff and the class punitive damages;

D.   Award the Plaintiff and the class the cost of prosecuting this action together with interest and reasonable attorneys fees and costs; and

E.   Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bruski, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all claims for which there is a right to a jury trial.

Date: March 22, 2007

Respectfully submitted,
GARY BRUSKI, and all others similarly situated

By: _____
Peter C. Wachowski
One of Their Attorneys

Peter C. Wachowski
George S. Bellas
BELLAS & WACHOWSKI
Attorneys for the Plaintiffs
15 North Northwest Highway
Park Ridge, Illinois 60068
(847)823-9030
FAX (847)823-9393
Attorneys Cook County ID#22565