____ FILED    ____ ENTERED
____ LODGED    ____ RECEIVED

★    MAR 27 2007    ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                  DEPUTY

# UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

STACEY HELLER, TOINETTE ROBINSON, DAVID RAPP, and CECILY AND TERRENCE MITCHELL, individually and on behalf of all others similarly situated,

                          Plaintiff,

    v.

MENU FOODS, a foreign corporation,

                          Defendant.

No. **CV 07 - 0453** 

CLASS ACTION COMPLAINT

Plaintiffs Stacey Heller, Toinette Robinson, David Rapp, and Cecily and Terrence Mitchell ("Plaintiffs"), by and through their undersigned attorneys, bring this civil action for damages on behalf of themselves and all others similarly situated against the above-named Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT - 1
Case No.

**H-B**
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2   as Wal-Mart, Kroger and Safeway.

3          3.     Dog and cat food that the Defendant produced caused an unknown number of

4   dogs and cats to become ill, and many of them to die.

5          4.     To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6   food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7   gravy wet" style.

8          5.     As a result of the Defendant's actions, Plaintiffs and other Class members have

9   suffered economic damage.

10                   **II.    PARTIES**

11          6.     Plaintiff Stacey Heller has at all material times been a resident of Pulaski,

12   Virginia. Ms. Heller had a pet that became sick and died after eating Defendant's pet food.

13          7.     Plaintiff Toinette Robinson has at all material times been a resident of Truckee,

14   California. Ms. Robinson had a pet that became sick and died after eating Defendant's pet food.

15          8.     Plaintiff David Rapp has at all material times been a resident of Hannover

16   Township, Pennsylvania. Mr. Rapp had a pet that became sick and died after eating Defendant's

17   pet food.

18          9.     Plaintiffs Cecily and Terrence Mitchell have at all material times been a resident

19   of Seattle, Washington. The Mitchells had a pet that became sick and died after eating

20   Defendant's pet food.

21         10.    Defendant Menu Foods is, upon information and belief, a corporation organized

22   under the laws of Canada that transacts business in Washington State.

23                **III.    JURISDICTION AND VENUE**

24         11.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

25   Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

26

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161595 V1

1  $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

2  § 1367.

3        12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

4  Defendant systematically and continuously sold its product within this district and Defendant

5  transacts business within this district.

6                 **IV.    CLASS ACTION ALLEGATION**

7        13.     Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

8  (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

9  "Class") composed of all persons who purchased any dog or cat food that was produced by the

10  Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs

11  reserve the right to modify this class definition before moving for class certification.

12        14.     The Class is ascertainable and there is a well-defined community of interest

13  among the members of the Class.

14        15.     Membership in the Class is so numerous as to make it impractical to bring all

15  Class members before the Court. The identity and exact number of Class members is unknown

16  but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

17  Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

18        16.     Plaintiffs' claims are typical of those of other Class members, all of whom have

19  suffered harm due to Defendant's uniform course of conduct.

20        17.     Plaintiffs are members of the Class.

21        18.     There are numerous and substantial questions of law and fact common to all of

22  the members of the Class that control this litigation and predominate over any questions affecting

23  only individual members of the Class. The common issues include, but are not limited to, the

24  following:

25            (a)     Was the Defendant's dog and cat food materially defective, and unfit for

26  use as dog or cat food?

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

(b)    Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class members' pets to become ill?

(d)    Were Plaintiffs and other Class members damaged, and, if so, what is the proper measure thereof?

(e)    The appropriate form of injunctive, declaratory and other relief.

19.    The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members, and another might decide that the Defendant is not so obligated.  Individual actions may, as a practical matter, be dispositive of the interests of the Class.

20.    Plaintiffs will fairly and adequately protect the interests of the Class in that they have no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

21.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendant has committed against them.

22.    Without a class action, the Class will continue to suffer damage, Defendant's violations of the law or laws will continue without remedy, and Defendant will continue to enjoy the fruits and proceeds of its unlawful misconduct.

23.    This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

00195B-11 161395 V1

24.   Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members.

25.   This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

26.   In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

27.   The Claims in this case are also properly certifiable under applicable law.

## V.   STATEMENT OF FACTS

28.   Plaintiff Stacey Heller was the owner of a female cat named Callie.

29.   Ms. Heller purchased Special Kitty wet cat food from Wal-Mart for Callie to consume.

30.   Callie ate the Special Kitty brand wet-style cat food for several years before her death.

31.   Callie became extremely ill during the week of March 12, 2007.  On March 14, 2007, Ms. Heller took Callie to a veterinarian, who informed her that Callie had suffered kidney failure, also known as acute renal failure.  On March 19, 2007, Callie had to be euthanized.

32.   Plaintiff Toinette Robinson was the owner of a female dog named Lhotse.

33.   Ms. Robinson purchased Priority U.S. brand wet dog food from Safeway for Lhotse to consume.

34.   Lhotse ate the Priority U.S. brand wet dog food before her death.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

35.     Lhotse became extremely ill during the end of January 2007.  On February 1, 2007, Ms. Robinson took Lhotse to a veterinarian, who informed her that Lhotse had suffered kidney failure.  On February 15, 2007, Lhotse had to be euthanized.

36.     Plaintiff David Rapp was the owner of a male dog named Buck.

37.     Mr. Rapp purchased Weiss Total Pet wet-style dog food for Buck to consume.

38.     Buck became extremely ill in early February 2007.  On February 10, 2007, Mr. Rapp took Buck to a veterinarian, who informed him that Buck had suffered kidney failure.  Buck died soon afterwards.

39.     Plaintiffs Cecily and Terrence Mitchell were the owners of a male cat named Yoda.

40.     The Mitchells purchased Iams wet cat food from QFC for Yoda to consume.

41.     Yoda became extremely ill and died after eating Iams wet pouches.

42.     In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill.  One common symptom in the sick animals was kidney failure.

43.     The Special Kitty wet cat food from Wal-Mart that Callie consumed for several years before her death is one of the brands that Menu Foods recalled.

44.     The Priority U.S. brand wet dog food from Safeway that Lhotse consumed before her death is also one of the brands that Menu Foods recalled.

45.     The Weiss Total Pet wet-style dog food that Buck consumed before his death is another of the brands that Menu Foods recalled.

46.     The Iams wet cat food from QFC that Yoda consumed years before his death is also one of the brands that Menu Foods recalled.

47.     As a result of Defendant's acts and omissions Plaintiffs and other Class members have suffered economic damage.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

## VI.    BREACH OF CONTRACT

48.    Plaintiffs reallege all prior allegations as though fully stated herein.

49.    Plaintiffs and Class members purchased pet food produced by the Defendant based on the understanding that the food was safe for their pets to consume.

50.    The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of contract.

51.    As a result of the breach Plaintiffs and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

## VII.    UNJUST ENRICHMENT

52.    Plaintiffs reallege all prior allegations as though fully stated herein.

53.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and other Class members.

54.    Defendant should be required to disgorge this unjust enrichment.

## VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

55.    Plaintiffs reallege all prior allegations as though fully stated herein.

56.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

57.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

58.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and other Class members suffered injuries in an amount to be proven at trial.

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

## IX.    BREACH OF WARRANTIES

59.    Plaintiffs reallege all prior allegations as though fully stated herein.

60.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

61.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

62.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

63.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

64.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representative and their counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

CLASS ACTION COMPLAINT - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

Other appropriate injunctive relief;

The costs of bringing this suit, including reasonable attorneys' fees; and

Such other relief as this Court may deem just, equitable and proper.

DATED this 27th day of March, 2007.

HAGENS BERMAN SOBOL SHAPIRO LLP


By: /s/ Steve W. Berman
Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail:  steve@hbsslaw.com


MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone:  (206) 398-1188
Facsimile:  (206) 400-1112
E-mail:  mmyers@myers-company.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 9
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

C

___ FILED          ___ ENTERED
___ LODGED         ___ RECEIVED

★   MAR 2 / 2007   ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUZANNE E. JOHNSON and CRAIG R.
KLEMANN, individually and on behalf of all
others similarly situated,

No. CV 07 - 0455 JCC

                              Plaintiff,

CLASS ACTION COMPLAINT

v.

MENU FOODS, a foreign corporation,

                              Defendant.

Plaintiffs Suzanne E. Johnson and Craig R. Klemann ("Plaintiffs"), by and through their

undersigned attorneys, bring this civil action for damages on behalf of themselves and all others

similarly situated against the above-named Defendant and complain and allege as follows:

## I.     NATURE OF ACTION

1.     Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of

Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

food.

2.     The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods

produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1    Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2    as Wal-Mart, Kroger and Safeway.

3          3.     Dog and cat food that the Defendant produced caused an unknown number of

4    dogs and cats to become ill, and many of them to die.

5          4.     To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6    food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7    gravy wet" style.

8          5.     As a result of the Defendant's actions, Plaintiffs and other Class members have

9    suffered economic damage.

10                 **II.     PARTIES**

11         6.     Plaintiffs Suzanne E. Johnson and Craig R. Klemann have at all material times

12    been residents of Meridian, Idaho. Ms. Johnson and Mr. Klemann have a pet that became sick

13    after eating Defendant's pet food.

14         7.     Defendant Menu Foods is, upon information and belief, a corporation organized

15    under the laws of Canada that transacts business in Washington State.

16              **III.     JURISDICTION AND VENUE**

17         8.     Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

18    Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

19    $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

20    § 1367.

21         9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

22    Defendant systematically and continuously sold its product within this district and Defendant

23    transacts business within this district.

24            **IV.     CLASS ACTION ALLEGATION**

25         10.     Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

26    (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    "Class") composed of all persons who purchased any dog or cat food that was produced by the

2    Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs

3    reserve the right to modify this class definition before moving for class certification.

4         11.     The Class is ascertainable and there is a well-defined community of interest

5    among the members of the Class.

6         12.     Membership in the Class is so numerous as to make it impractical to bring all

7    Class members before the Court. The identity and exact number of Class members is unknown

8    but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

9    Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

10         13.     Plaintiffs' claims are typical of those of other Class members, all of whom have

11    suffered harm due to Defendant's uniform course of conduct.

12         14.     Plaintiffs are members of the Class.

13         15.     There are numerous and substantial questions of law and fact common to all of

14    the members of the Class that control this litigation and predominate over any questions affecting

15    only individual members of the Class. The common issues include, but are not limited to, the

16    following:

17              (a)     Was the Defendant's dog and cat food materially defective, and unfit for

18    use as dog or cat food?

19              (b)     Whether Defendant breached any contract, implied contract or warranties

20    related to the sale of the dog and cat food?

21              (c)     Did the Defendant's dog and cat food cause Plaintiffs' and other Class

22    members' pets to become ill?

23              (d)     Were Plaintiffs and other Class members damaged, and, if so, what is the

24    proper measure thereof?

25              (e)     The appropriate form of injunctive, declaratory and other relief.

26

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1      16.    The prosecution of separate actions by members of the Class would create a risk

2  of establishing incompatible standards of conduct for the Defendant – for example, one court

3  might decide that the Defendant is obligated under the law to pay damages to Class members,

4  and another might decide that the Defendant is not so obligated.  Individual actions may, as a

5  practical matter, be dispositive of the interests of the Class.

6      17.    Plaintiffs will fairly and adequately protect the interests of the Class in that they

7  have no interests that are antagonistic to other members of the Class and have retained counsel

8  competent in the prosecution of class actions to represent themselves and the Class.

9      18.    A class action is superior to other available methods for the fair and efficient

10  adjudication of this controversy.  Given (i) the substantive complexity of this litigation; (ii) the

11  size of individual Class members' claims; and (iii) the limited resources of the Class members,

12  few, if any, Class members could afford to seek legal redress individually for the wrongs

13  Defendant has committed against them.

14      19.    Without a class action, the Class will continue to suffer damage, Defendant's

15  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

16  the fruits and proceeds of its unlawful misconduct.

17      20.    This action will foster an orderly and expeditious administration of Class claims,

18  economies of time, effort and expense, and uniformity of decision.

19      21.    Inferences and presumptions of materiality and reliance are available to obtain

20  class-wide determinations of those elements within the Class claims, as are accepted

21  methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

22  common liability, the Court can efficiently determine the claims of the individual Class

23  members.

24      22.    This action presents no difficulty that would impede the Court's management of it

25  as a class action, and a class action is the best (if not the only) available means by which

26  members of the Class can seek legal redress for the harm caused them by Defendant.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1    23.    In the absence of a class action, Defendant would be unjustly enriched because it

2    would be able to retain the benefits and fruits of its wrongful conduct.

3    24.    The Claims in this case are also properly certifiable under applicable law.

4    ### V.    STATEMENT OF FACTS

5    25.    Plaintiffs Suzanne E. Johnson and Craig R. Klemann are owners of a male cat

6    named Ollie.

7    26.    Ms. Johnson and Mr. Klemann purchased Special Kitty wet cat food from Wal-

8    Mart and Pet Pride wet cat food from Fred Meyer for Ollie to consume.

9    27.    Ollie ate the Special Kitty and Pet Pride brand wet-style cat food for several years

10   before becoming ill.

11   28.    Ollie became extremely ill after consuming Defendant's cat food and now suffers

12   from kidney problems.

13   29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog

14   food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become

15   ill.  One common symptom in the sick animals was kidney failure.

16   30.    The Special Kitty wet cat food from Wal-Mart and the Pet Pride wet cat food

17   from Fred Meyer that Ollie consumed for several years before becoming ill are brands that Menu

18   Foods recalled.

19   31.    As a result of Defendant's acts and omissions Plaintiffs and other Class members

20   have suffered economic damage.

21   ### VI.    BREACH OF CONTRACT

22   32.    Plaintiffs reallege all prior allegations as though fully stated herein.

23   33.    Plaintiffs and Class members purchased pet food produced by the Defendant

24   based on the understanding that the food was safe for their pets to consume.

25

26

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1     34.    The pet food produced by the Defendant was not safe for pets to consume and

2  caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of

3  contract.

4     35.    As a result of the breach Plaintiffs and Class members suffered damages that may

5  fairly and reasonably be considered as arising naturally from the breach or may reasonably be

6  supposed to have been in the contemplation of the parties, at the time they made the contract, as

7  the probable result of the breach of it.

8                **VII.    UNJUST ENRICHMENT**

9     36.    Plaintiffs reallege all prior allegations as though fully stated herein.

10     37.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs

11  and other Class members.

12     38.    Defendant should be required to disgorge this unjust enrichment.

13  **VIII.   UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES**

14     39.    Plaintiffs reallege all prior allegations as though fully stated herein.

15     40.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

16  business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

17  *seq.*, and similar statutory enactments of other states (including consumer protection and

18  consumer sales practice acts).

19     41.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

20  portion of the public and to affect the public interest.

21     42.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and

22  other Class members suffered injuries in an amount to be proven at trial.

23                **IX.    BREACH OF WARRANTIES**

24     43.    Plaintiffs reallege all prior allegations as though fully stated herein.

25     44.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

26  of Uniform Commercial Code Article 2.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1    45.    Defendant's conduct as described herein constitutes breach of an implied or

2    express warranty of affirmation.

3    46.    Defendant's conduct as described herein constitutes breach of an implied

4    warranty of merchantability.

5    47.    Defendant's conduct as described herein constitutes breach of an implied

6    warranty of fitness for a particular purpose.

7    48.    As a proximate result of the aforementioned wrongful conduct and breach,

8    Plaintiffs and other Class members have suffered damages in an amount to be proven at trial.

9    Defendant had actual or constructive notice of such damages.

10    ## X.    PRAYER FOR RELIEF

11    WHEREFORE, Plaintiffs and Class members request that the Court enter an order of

12    judgment against Defendant including the following:

13    Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

14    of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class

15    Representative and their counsel of record as Class Counsel;

16    Actual damages (including all general, special, incidental, and consequential damages),

17    statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

18    states having a legally sufficient connection with Defendant and its acts or omissions) and such

19    other relief as provided by the statutes cited herein;

20    Prejudgment and post-judgment interest on such monetary relief;

21    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

22    profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

23    herein;

24    Other appropriate injunctive relief;

25    The costs of bringing this suit, including reasonable attorneys' fees; and

26    Such other relief as this Court may deem just, equitable and proper.

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161455 VJ

DATED this 27th day of March, 2007.

HAGENS BERMAN SOBOL SHAPIRO LLP


By: 
    Steve W. Berman, WSBA #12536
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
E-mail: steve@hbsslaw.com

Philip H. Gordon
Bruce S. Bistline
Gordon Law Offices
623 West Hays St.
Boise, ID 83702
Telephone: (208) 345-7100
Facsimile: (206) 623-0594
E-mail: pgordon@gordonlawoffices.com

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 8
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

**D**

___ FILED          ___ ENTERED
___ LODGED         ___ RECEIVED

★ MAR 2 7 2007 ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUDREY KORNELIUS and BARBARA
SMITH, individually and on behalf of all others
similarly situated,

No. C 07-0454 MJP

                          Plaintiff,

CLASS ACTION COMPLAINT

        v.

MENU FOODS, a foreign corporation,

                          Defendant.

Plaintiffs Audrey Kornelius and Barbara Smith ("Plaintiffs"), by and through their undersigned attorneys, bring this civil action for damages on behalf of themselves and all others similarly situated against the above-named Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food.  Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

1    Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2    as Wal-Mart, Kroger and Safeway.

3        3.    Dog and cat food that the Defendant produced caused an unknown number of

4    dogs and cats to become ill, and many of them to die.

5        4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6    food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7    gravy wet" style.

8        5.    As a result of the Defendant's actions, Plaintiffs and other Class members have

9    suffered economic damage.

10                    **II.    PARTIES**

11        6.    Plaintiff Audrey Kornelius has at all material times been a resident of Ferndale,

12    Washington. Ms. Kornelius has a pet that became sick after eating Defendant's pet food.

13        7.    Plaintiff Barbara Smith has at all material times been a resident of Bremerton,

14    Washington. Ms. Smith has a pet that became sick after eating Defendant's pet food.

15        8.    Defendant Menu Foods is, upon information and belief, a corporation organized

16    under the laws of Canada that transacts business in Washington State.

17                    **III.    JURISDICTION AND VENUE**

18        9.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

19    Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

20    $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

21    § 1367.

22        10.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

23    Defendant systematically and continuously sold its product within this district and Defendant

24    transacts business within this district.

25

26

CLASS ACTION COMPLAINT - 2
Case No.

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ▪ SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ▪ FACSIMILE (206) 623-0594

001958-11 161466 V1

1

### IV.    CLASS ACTION ALLEGATION

2      11.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

3    (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

4    "Class") composed of all persons who purchased any dog or cat food that was produced by the

5    Defendant and/or has had a dog or cat become ill or die as a result of eating the food.  Plaintiffs

6    reserve the right to modify this class definition before moving for class certification.

7      12.    The Class is ascertainable and there is a well-defined community of interest

8    among the members of the Class.

9      13.    Membership in the Class is so numerous as to make it impractical to bring all

10    Class members before the Court.  The identity and exact number of Class members is unknown

11    but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

12    Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

13      14.    Plaintiffs' claims are typical of those of other Class members, all of whom have

14    suffered harm due to Defendant's uniform course of conduct.

15      15.    Plaintiffs are members of the Class.

16      16.    There are numerous and substantial questions of law and fact common to all of

17    the members of the Class that control this litigation and predominate over any questions affecting

18    only individual members of the Class.  The common issues include, but are not limited to, the

19    following:

20          (a)    Was the Defendant's dog and cat food materially defective, and unfit for

21    use as dog or cat food?

22          (b)    Whether Defendant breached any contract, implied contract or warranties

23    related to the sale of the dog and cat food?

24          (c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class

25    members' pets to become ill?

26

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ▪ SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ▪ FACSIMILE (206) 623-0594

001958-11 161466 V1

1        (d)     Were Plaintiffs and other Class members damaged, and, if so, what is the

2  proper measure thereof?

3        (e)     The appropriate form of injunctive, declaratory and other relief.

4      17.    The prosecution of separate actions by members of the Class would create a risk

5  of establishing incompatible standards of conduct for the Defendant – for example, one court

6  might decide that the Defendant is obligated under the law to pay damages to Class members,

7  and another might decide that the Defendant is not so obligated. Individual actions may, as a

8  practical matter, be dispositive of the interests of the Class.

9      18.    Plaintiffs will fairly and adequately protect the interests of the Class in that they

10  have no interests that are antagonistic to other members of the Class and have retained counsel

11  competent in the prosecution of class actions to represent themselves and the Class.

12      19.    A class action is superior to other available methods for the fair and efficient

13  adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

14  size of individual Class members' claims; and (iii) the limited resources of the Class members,

15  few, if any, Class members could afford to seek legal redress individually for the wrongs

16  Defendant has committed against them.

17      20.    Without a class action, the Class will continue to suffer damage, Defendant's

18  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

19  the fruits and proceeds of its unlawful misconduct.

20      21.    This action will foster an orderly and expeditious administration of Class claims,

21  economies of time, effort and expense, and uniformity of decision.

22      22.    Inferences and presumptions of materiality and reliance are available to obtain

23  class-wide determinations of those elements within the Class claims, as are accepted

24  methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

25  common liability, the Court can efficiently determine the claims of the individual Class

26  members.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

1    23.    This action presents no difficulty that would impede the Court's management of it

2  as a class action, and a class action is the best (if not the only) available means by which

3  members of the Class can seek legal redress for the harm caused them by Defendant.

4    24.    In the absence of a class action, Defendant would be unjustly enriched because it

5  would be able to retain the benefits and fruits of its wrongful conduct.

6    25.    The Claims in this case are also properly certifiable under applicable law.

7    **V.    STATEMENT OF FACTS**

8    26.    Plaintiff Audrey Kornelius is the owner of a puppy named Shiwa.

9    27.    Ms. Kornelius purchased Nutro Natural Choice Puppy for Shiwa to consume.

10    28.    Shewa became extremely ill after consuming Defendant's dog food.

11    29.    Plaintiff Barbara Smith is the owner of a cat named Neko.

12    30.    Ms. Smith purchased Priority U.S. brand cat food from Safeway for Neko to

13  consume.

14    31.    Neko became extremely ill after consuming Defendant's cat food. Ms. Smith's

15  veterinarian has informed her that Neko will need monitoring for life.

16    32.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog

17  food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become

18  ill. One common symptom in the sick animals was kidney failure.

19    33.    The Nutro Natural Choice Puppy food that Shiwa consumed is one of the brands

20  that Menu Foods recalled.

21    34.    The Priority U.S. brand cat food from Safeway that Neko consumed is also one of

22  the brands that Menu Foods recalled.

23    35.    As a result of Defendant's acts and omissions Plaintiffs and other Class members

24  have suffered economic damage.

25    **VI.    BREACH OF CONTRACT**

26    36.    Plaintiffs reallege all prior allegations as though fully stated herein.

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161466 V1

1  37.  Plaintiffs and Class members purchased pet food produced by the Defendant

2  based on the understanding that the food was safe for their pets to consume.

3  38.  The pet food produced by the Defendant was not safe for pets to consume and

4  caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of

5  contract.

6  39.  As a result of the breach Plaintiffs and Class members suffered damages that may

7  fairly and reasonably be considered as arising naturally from the breach or may reasonably be

8  supposed to have been in the contemplation of the parties, at the time they made the contract, as

9  the probable result of the breach of it.

10  ### VII.    UNJUST ENRICHMENT

11  40.  Plaintiffs reallege all prior allegations as though fully stated herein.

12  41.  Defendant was and continues to be unjustly enriched at the expense of Plaintiffs

13  and other Class members.

14  42.  Defendant should be required to disgorge this unjust enrichment.

15  ### VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

16  43.  Plaintiffs reallege all prior allegations as though fully stated herein.

17  44.  Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

18  business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

19  *seq.*, and similar statutory enactments of other states (including consumer protection and

20  consumer sales practice acts).

21  45.  Defendant's sale of hazardous pet food has the capacity to deceive a substantial

22  portion of the public and to affect the public interest.

23  46.  As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and

24  other Class members suffered injuries in an amount to be proven at trial.

25  ### IX.    BREACH OF WARRANTIES

26  47.  Plaintiffs reallege all prior allegations as though fully stated herein.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

1    48.    Cat food and dog food produced by Menu Foods are "goods" within the meaning

2    of Uniform Commercial Code Article 2.

3    49.    Defendant's conduct as described herein constitutes breach of an implied or

4    express warranty of affirmation.

5    50.    Defendant's conduct as described herein constitutes breach of an implied

6    warranty of merchantability.

7    51.    Defendant's conduct as described herein constitutes breach of an implied

8    warranty of fitness for a particular purpose.

9    52.    As a proximate result of the aforementioned wrongful conduct and breach,

10    Plaintiffs and other Class members have suffered damages in an amount to be proven at trial.

11    Defendant had actual or constructive notice of such damages.

12    ## X.    PRAYER FOR RELIEF

13    WHEREFORE, Plaintiffs and Class members request that the Court enter an order of

14    judgment against Defendant including the following:

15    Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules

16    of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class

17    Representative and their counsel of record as Class Counsel;

18    Actual damages (including all general, special, incidental, and consequential damages),

19    statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the

20    states having a legally sufficient connection with Defendant and its acts or omissions) and such

21    other relief as provided by the statutes cited herein;

22    Prejudgment and post-judgment interest on such monetary relief;

23    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

24    profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

25    herein;

26    Other appropriate injunctive relief;

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161466 V1

1   The costs of bringing this suit, including reasonable attorneys' fees; and

2   Such other relief as this Court may deem just, equitable and proper.

3   DATED this 27th day of March, 2007.

4                           HAGENS BERMAN SOBOL SHAPIRO LLP

5

6       By: /s/ Steve W. Berman 
        Steve W. Berman, WSBA #12536
7       1301 Fifth Avenue, Suite 2900
        Seattle, Washington  98101
8       Telephone: (206) 623-7292
        Facsimile: (206) 623-0594
9       E-mail:  steve@hbsslaw.com

10

11      MYERS & COMPANY, P.L.L.C.
        Michael David Myers
12      WSBA No. 22486
        Myers & Company, P.L.L.C.
13      1809 Seventh Avenue, Suite 700
        Seattle, Washington  98101
14      Telephone:  (206) 398-1188
        Facsimile:  (206) 400-1112
15      E-mail:  mmyers@myers-company.com

16      *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

E

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9

10  MICHELE SUGGETT and DON JAMES, | Case No.:
individually and on behalf of all similarly

11  situated;

                                              **CLASS ACTION COMPLAINT**

12          Plaintiffs,

13      vs.

14  MENU FOODS, a foreign corporation; THE
IAMS COMPANY, a foreign corporation;

15  EUKANUBA, a foreign corporation; DOG
FOOD PRODUCERS NUMBERS 1-100 and

16  CAT FOOD PRODUCERS 1-100; and DOES
1-100;

17          Defendants.

18

19

## I.   NATURE OF ACTION

20      1.  Plaintiffs bring this action as a Class Action pursuant to FRCP 23 on behalf of all
persons who purchased any dog or cat food produced by any of the above-named

21          defendants and/or had a dog or cat become ill or die as a result of eating same.

22      2.  The defendants are producers and distributors of, inter alia, dog and cat food.  Menu
Foods produces dog and cat food under familiar brand names such as Iams, Eukanuba

23          and Science Diet. Menu Foods distributes its dog and cat food throughout the United

24  CLASS ACTION COMPLAINT - 1                    ANIMAL LAW OFFICES OF
                                               **ADAM P. KARP, ESQ.**

25                                          114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
                                            (360) 738-7273 • Facsimile: (360) 392-3936
                                                    adam@animal-lawyer.com

States to retailers such as Wal-Mart, Kroger and Safeway.

3. Dog and cat food which the defendants produced has caused an unknown number of dogs and cats to become ill and die.

4. To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food which are causing dogs and cats to become ill. All recalled food to date is of the "cuts and gravy wet" style.

5. As a result of the Defendants' actions, Plaintiffs and other Class members have suffered noneconomic and economic damage.

## II. JURISDICTION, PARTIES, AND VENUE

6. This court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based on diversity and an amount of controversy in excess of $75,000. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the Defendants systematically and continuously sold their product within this district, and Defendants transact business within this district.

8. Eleven-year-old, female canine named Shasta ("Shasta") was regarded by Plaintiffs as their ward, sentient personalty, and member of their family.

9. Plaintiffs MICHELE SUGGETT and DON JAMES ("Plaintiffs") are, and at all times herein were, residents of this judicial district and the owners/guardians of Shasta.

10. Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State and Oregon State.

11. Defendant The Iams Company, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

12. Defendant Eukanuba, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

13. There are numerous other persons or entities, DOG FOOD PRODUCERS, CAT FOOD PRODUCERS, AND DOES 1-100, identities presently unknown to Plaintiffs who are, and were at all times mentioned herein, acting in concert or are jointly and severally liable with the above named Defendants. Each of the DOE Defendants sued herein under a fictitious name is responsible in some manner for the events and occurrences referred to herein. When the true names, capacities and involvement of said Defendants are ascertained, Plaintiffs will seek leave to amend the complaint accordingly.

CLASS ACTION COMPLAINT - 2

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

### III. CLASS ACTION ALLEGATION

14. Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food which was produced by the defendants and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs reserve the right to modify this class definition prior to moving for class certification.

15. This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

   a.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

   b.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods which may be causing harm to companion animals.

   c.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

   d.    Plaintiffs are members of the Class.

   e.    There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

      i.    Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

      ii.   Were the defendants' representations regarding the safety of the dog and cat food false?

      iii.  Did the defendants' dog and cat food cause or allow Plaintiffs and other Class members' companion animals to become ill or die?

      iv.   Did the defendants produce a hazardous product for nonhuman animal consumption? If so, did this occur as a result of negligent, grossly negligent, reckless, or intentional conduct?

CLASS ACTION COMPLAINT - 3

v.    Were Plaintiffs and other Class members damaged?

f.    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g.    Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs have no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent themselves and the Class;

h.    Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i.    Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

j.    This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

k.    Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Class members;

l.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

m.    In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

16. The Claims in this case are also properly certifiable under applicable law.

### IV. GENERAL ALLEGATIONS

17. Plaintiffs were the owners and guardians of Shasta, a female Pomeranian.

18. Plaintiffs purchased contaminated Eukanuba Adult Bites in Gravy (lamb & rice, beef & gravy, savory chicken) ("contaminated food") on or about February 16, 2007 from Petsmart.

CLASS ACTION COMPLAINT - 4

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

19. Plaintiffs started feeding the contaminated food to Shasta on or about March 15, 2007.

20. After eating the contaminated food, Shasta became extremely ill, causing the Plaintiffs to take her to a veterinarian on or about March 19, 2007. The veterinarian informed them that Shasta suffered devastatingly acute renal failure. On or about March 20, 2007, Shasta arrested and died.

21. Plaintiffs witnessed Shasta's deceased body shortly after she died and before a substantial change in her condition and location.

22. In March 2007 Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food which had caused dogs and cats to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure.

23. The contaminated food that Shasta consumed is one of the brands that Menu Foods recalled.

24. The Plaintiffs lost Shasta's intrinsic value, as based on her unique qualities, characteristics, training, and bond, as well as the loss of her utility, companionship, love, affection, and solace. At the time of her death, Shasta had no fair market value and could not be replaced or reproduced. Rather, she had an intrinsic value.

25. The Plaintiffs owned and formed a relationship with Shasta for 11 years. She was a close family companion throughout that period and had special value, aiding Plaintiffs in their enjoyment of life, well-being, growth, development, and daily activities.

26. As a result of Defendants' actions causing Shasta's death, the Plaintiffs have suffered loss of enjoyment of life, interference with use and quiet enjoyment of their realty and personalty, and general damages pertaining to loss of use.

27. As a result of Defendants' acts and omissions the Plaintiffs and other Class members have suffered emotional and economic damage, including but not limited to mental anguish, loss or reduction of enjoyment of life, interference with use and quiet enjoyment of realty and/or personalty, wage loss, current and future veterinary and health-related bills, depreciation in or extinguishment of intrinsic, special, unique, or peculiar value, loss of use and/or companionship, actual, incidental, and consequential damages.

## FIRST CLAIM FOR RELIEF – UNJUST ENRICHMENT

28. Defendants were and continue to be unjustly enriched at the expense of the Plaintiffs and other Class members.

CLASS ACTION COMPLAINT - 5

ANIMAL LAW OFFICES OF
**ADAM P. KARP, ESQ.**
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

29. Defendants should be required to disgorge this unjust enrichment.

## SECOND CLAIM FOR RELIEF – UNLAWFUL, DECEPTIVE, UNFAIR BUSINESS PRACTICES

30. Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

31. Defendants' sale of hazardous dog and cat food has the capacity to deceive a substantial portion of the public and to affect the public interest.

32. As a result of Defendants' unfair or deceptive acts or practices, Plaintiffs and other class members suffered injuries in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF – BREACH OF WARRANTY

33. Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

34. Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

35. Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.

36. Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

37. As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other class members have suffered damages in an amount to be proven at trial. Defendants had actual or constructive notice of such damages.

## FOURTH CLAIM FOR RELIEF – DECLARATORY RELIEF

38. This court has the authority to render a declaratory judgment pertaining to Plaintiffs and Class Members' rights, status and other legal relations.

39. Plaintiffs and Class Members are entitled to a declaratory judgment that, as a matter of law, their companion animals had no fair market value, no replacement value, but, rather, an intrinsic, peculiar, unique, or special value premised on their non-fungible and irreplaceable nature.

## FIFTH CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

CLASS ACTION COMPLAINT - 6

ANIMAL LAW OFFICES OF
**ADAM P. KARP, ESQ.**
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

40. Defendants owed Plaintiffs and class members a duty to exercise reasonable care in representing the safety of its dog and cat foods.

41. Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

42. In reality, defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

43. Plaintiffs and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

44. As a proximate cause of Defendants' false representations, Plaintiffs and other Class members suffered damages in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

45. IN THE ALTERNATIVE that Defendants' acts are not deemed intentional or reckless, Defendants' conduct was negligent insofar as they failed to take reasonable care to avoid causing Plaintiff and Class Members emotional distress in relation to the failure to warn and failure to produce safe food for nonhuman animal consumption. These actions or inactions caused Plaintiff and Class Members emotional distress. Said emotional distress was manifested by objective symptomology by some of the Class Members.

**SEVENTH CLAIM FOR RELIEF – NUISANCE**

46. Defendants' behavior described above constitutes a private nuisance and public nuisance.

47. Under Washington law, specifically RCW 7.48.010 and 7.48.150 (private nuisance) and RCW 7.48.130 and RCW 7.48.210 (public nuisance), and similar anti-nuisance laws (at common law and by statute), Defendants are liable to plaintiffs for general damages sustained by virtue of their omission to perform a duty, which act, namely, allowing contaminated and poisoned food products to enter Plaintiff and Class Members' households under false pretenses of safety, resulting in pain, suffering, illness, and death to Class Members' companion animals, annoyed, injured, and endangered the comfort, repose, and safety of Plaintiffs and Class Members, essentially interfering in the comfortable enjoyment of their real and personal property and their lives.

**EIGHTH CLAIM FOR RELIEF – BREACH OF CONTRACT**

48. Plaintiffs and Class members purchased dog and cat food produced by the defendants

CLASS ACTION COMPLAINT - 7

ANIMAL LAW OFFICES OF
**ADAM P. KARP, ESQ.**
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

1   based on the understanding that the food was safe for their companion animals to
    consume.

2
3   49. The dog and cat food produced by the defendants was not safe for companion animals to
    consume and caused dogs and cats to become ill or die. The unsafe nature of the pet
    food constituted a breach of contract.

4
5   50. As a result of the breach, Plaintiffs and Class members suffered damages which may
    fairly and reasonably be considered as arising naturally from the breach or may
    reasonably be supposed to have been in the contemplation of the parties, at the time they
6   made the contract, as the probable result of the breach of it.

7   51. To the extent defendants' breach was reckless, wanton, or intentional and defendants
    knew or had reason to know that, when the contract was made, breach would cause
8   mental suffering for reasons other than pecuniary loss, defendants inflicted upon
    Plaintiffs and Class members emotional distress.

9
10                 **NINTH CLAIM FOR RELIEF – GROSS NEGLIGENCE**

11  52. In the event Defendants are not found to have acted recklessly, Plaintiffs and Class
    Members plead IN THE ALTERNATIVE that Defendants knew and/or should have
12  known that there was a strong possibility that harm would be inflicted on Plaintiffs and
    Class Members as a result of their disregard in ensuring that safe foodstuffs entered the
13  commercial dog and cat food supply, recalling the tainted product before the illness and
14  death toll rose further, and/or not warning consumers of the tainted product.

15  53. Defendants acted indifferently to the high degree of manifest danger and erroneous
    destruction of sentient property, to wit, Class Members' companion animals, to which
16  Plaintiffs and Class Members would be and was exposed by such conduct.

17  54. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent
    conduct of Defendants in the above regard.
18
19                 **TENTH CLAIM FOR RELIEF – PRODUCTS LIABILITY**

20  55. Defendants are strictly liable under RCW 7.72.030 (and analogous products liability
    statutes around the nation) for proximately causing harm to Plaintiffs by manufacturing a
21  product that was not reasonable safe in construction.

22  56. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent
    conduct of Defendants in the above regard.
23

24  CLASS ACTION COMPLAINT - 8

ANIMAL LAW OFFICES OF
**ADAM P. KARP, ESQ.**
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

25

57. Defendants may also be liable for design defects in the production of the contaminated food, as well as failing to warn of the design and/or manufacturing defects, making them liable under RCW 7.72.030 (and analogous products liability statutes around the nation).

## RESERVATION OF RIGHTS

58. Plaintiffs and Class Members reserve the right to amend the complaint to include additional causes of action and allegations as they are discovered in the course of litigation.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

2. Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with defendants and their acts or omissions) and such other relief as provided by the statutes cited herein;

3. For economic damages, representing the intrinsic, special, peculiar, or unique value of the Plaintiffs and Class Members' injured and/or killed companion animals, subject to proof and modification at trial;

4. For special and general damages relating to loss of the Plaintiffs' and Class Members' companion animals' utility (e.g., companionship) from date of loss to date judgment is entered;

5. For noneconomic damages, including emotional distress, interference with the Plaintiffs and Class Members' lives, and the use and quiet enjoyment of their realty and personalty, loss and/or reduction of enjoyment of life, subject to proof and modification at trial;

6. For incidental and consequential damages arising from breach of contract;

7. For burial, afterdeath, and death investigation expenses;

8. For wage loss and other aftercare expenses incurred during the companion animals'

CLASS ACTION COMPLAINT - 9

ANIMAL LAW OFFICES OF
**ADAM P. KARP, ESQ.**
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

convalescence;

9. Prejudgment and post-judgment interest on such monetary relief;

10. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

11. Other appropriate injunctive relief;

12. The costs of bringing this suit, including reasonable attorneys' fees; AND

13. Such other relief as this Court may deem just, equitable and proper.

14. **NOTICE: Plaintiffs intend to seek damages in excess of $10,000. Accordingly, this case is not subject to RCW 4.84.250-.280.**

Dated this March 27, 2007.

ANIMAL LAW OFFICES

/s/ Adam P. Karp

Adam P. Karp, WSBA No. 28622
Attorney for Plaintiffs and Class Members
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
(888) 430-0001
Fax: (866) 652-3832
adam@animal-lawyer.com

CLASS ACTION COMPLAINT - 10

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

F

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 2 1 2007

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| CHARLES RAY SIMS and PAMELA SIMS, Individually and on behalf of all others similarly situated,<br>　　　　　Plaintiffs, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 07-5053 |
| VERSUS | §<br>§ | |
| MENU FOODS INCOME FUND,<br>MENU FOODS MIDWEST CORPORATION,<br>MENU FOODS SOUTH DAKOTA INC.,<br>MENU FOODS, INC., MENU FOODS<br>HOLDINGS, INC.,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, CHARLES

RAY SIMS and PAMELA SIMS (hereinafter collectively "Plaintiff," "Plaintiffs", or "SIMS"),

major residents in the State of Arkansas, individually and on behalf of all others similarly

situated, who file this Class Action Complaint pursuant to Federal Rule of Civil

Procedure 23(a) and (b)(3), seeking monetary relief for themselves and the class they

seek to represent. This suit is brought against MENU FOODS INCOME FUND, MENU

FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA INC., MENU

FOODS, INC., and MENU FOODS HOLDINGS, INC., representing as follows:

## GENERAL ALLEGATIONS

1.    This is an action for damages relating to Defendants' design, manufacture, sale, testing, marketing, advertising, promotion and/or distribution of unsafe canned and foil pouched dog and cat food.

2.    This Court has jurisdiction over the subject matter and Defendants in this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the matter in controversy involves a request that the Court certify a class action.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts, conduct and damages complained of occurred in this district as Plaintiffs' residency is in Benton County, Arkansas, within the geographical boundaries of this Court.

## PARTIES, JURISDICTION AND VENUE

4.    Defendant MENU FOODS INCOME FUND is an unincorporated company with its principal place of business in Ontario, Canada. It is doing business in the State of Arkansas. Jurisdiction is appropriate pursuant to the Arkansas Long Arm Statute, Sec. 16-4-101, and service may be effected through the Hague Convention on service abroad of judicial and extrajudicial documents and civil or commercial matters (The Hague Convention) at 8 Falconer Drive, Streetsville, Ontario, Canada L5N 1B1.

5.    MENU FOODS MIDWEST CORPORATION is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

2

6.    Defendant MENU FOODS SOUTH DAKOTA INC. is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

7.    Defendant MENU FOODS HOLDINGS, INC. is a Delaware corporation and may be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

8.    Defendant MENU FOODS, INC. is a New Jersey corporation and may be served through its registered agent for service, Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey.

9.    Defendants MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA INC., MENU FOODS, INC., and MENU FOODS HOLDINGS, INC. are hereinafter referred to collectively as "Defendants" or "MENU."

10.    Upon information and belief, Defendants MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA INC., MENU FOODS, INC., and MENU FOODS HOLDINGS, INC. are wholly owned subsidiaries of MENU FOODS INCOME FUND, a business entity registered in and headquartered in Ontario, Canada. MENU provides principal development, exporting, financing, holding company, marketing, production, research and servicing for MENU animal food products in the United States, including canned and foil pouched dog and cat food. MENU FOODS INCOME FUND is one of the largest animal food producing companies in the world, and MENU operates as one of the largest animal food companies in the United States,

3

whether measured by number of products produced and sold, revenues, or market capitalization.

11.    At all times herein mentioned, Defendants were engaged in the business of the manufacturing, packaging, marketing, distribution, promotion, and sale of dog and cat canned and foil pouched food products (hereinafter the "Product"), and at all times herein relevant, were engaged in the promotion and marketing of animal food products, including canned and foil pouched dog and cat food.

12.    Plaintiff CHARLES RAY SIMS resides at 2705 W. Dogwood, Rogers, Arkansas. At all times material to this complaint, he was a resident of Rogers, in the State of Arkansas.

13.    Plaintiff PAMELA SIMS resides at 2705 W. Dogwood, Rogers, Arkansas. At all times material to this complaint, she was a resident of Rogers, in the State of Arkansas.

14.    Plaintiffs CHARLES RAY SIMS and PAMELA SIMS were the owners of a family dog ("ABBY") at all times material to this complaint.

15.    This Court has diversity jurisdiction and jurisdiction pursuant to the Class Action Fairness Act of 2005.

## CLASS ACTION ALLEGATIONS

16.    Defendant MENU manufactured, distributed, marketed and sold canned and foil pouched dog and cat food to consumers in the United States. These consumers compose the putative class in this action and have rights that are substantially the same.

4

17.    Defendant MENU has issued a recall for over 90 brands of dog and cat canned and foil pouched food in the United States since March 16, 2007, translating to in excess of sixty million cans and pouches of dog and cat food recalled throughout the United States.

18.    The consumers composing the putative class in this action consist of: (1) all persons or entities who purchased Menu Food brands at any time and disposed of or will not use the products based on publicity surrounding the safety and recall of the products; (2) all persons or entities who purchased Menu Foods products and fed products to their pets on or since December 6, 2006; and (3) all persons or entities who purchased Menu Food products from wholesale distributors on or since December 6, 2006 to the present.

19.    The consumers composing the putative class are so numerous that joinder of all members is impracticable; the questions of law or fact are common to all members of the class; the claims and defenses of Plaintiff SIMS are typical of the claims or defenses of the class; and Plaintiff SIMS will fairly and adequately protect the interests of the class.

20.    While the exact number and identities of the members of the class are unknown at this time, it is asserted that the class consists of thousands of persons. Upon further identification of the recipient class, class members may be notified of the pendency of this action by published class notice and/or by other means deemed appropriate by the Court.

21.    The sheer number of consumers composing the putative class are so numerous as to make separate actions by each consumer impractical and unfair and a

class action certification represents the superior method for the fair and efficient adjudication of the controversy in question.

22.    There is no plain, speedy or adequate remedy other than by maintenance of this class action because Plaintiffs SIMS are informed and believe that the economic damage to each member of the class makes it economically unfeasible to pursue remedies other than through a class action. There would be a failure of justice but for the maintenance of this class action.

## FACTUAL BACKGROUND

23.    Plaintiff's dog, ABBY, died as a direct result of the ingestion of canned and/or foil pouched dog food manufactured and distributed in the United States by Defendants.

24.    Defendants distributed their "Cuts and Gravy" canned and foil pouched dog and cat food product by misleading users about the product and by failing to adequately warn the users of the potential serious dangers, which Defendants knew or should have known, might result from animals consuming its product. Defendants widely and successfully marketed Defendants' canned and foil pouched dog and cat food products throughout the United States by, among other things, conducting promotional campaigns that misrepresented the safety of Defendants' products in order to induce widespread use and consumption.

25.    As a result of claims made by Defendants regarding the safety and effectiveness of Defendants' canned and foil pouched dog and cat food products, Plaintiff SIMS fed their dog, ABBY, canned dog food distributed under the format "Cuts and Gravy", said product being manufactured and distributed by Defendants.

6

26.    As a result of Plaintiffs SIMS feeding their dog, ABBY, the Product manufactured and distributed by Defendants, their dog developed severe health problems, including but not limited to anorexia, lethargy, diarrhea and vomiting.

27.    Plaintiffs SIMS took their dog, ABBY, to Dr. Eric P. Steinlage, at All Dogs Clinic, Rogers, Arkansas, who performed tests and surgery on the dog.

28.    Dr. Eric P. Steinlage determined that Defendants' Product was the cause of the dog's kidney failure and the dog died on March 16, 2007.

29.    Had Plaintiff SIMS known the risks and dangers associated with Defendants' canned and foil pouched dog food product sold under the format "Cuts and Gravy", or had Defendants disclosed such information to Plaintiff, he would not have fed Defendants' product to their dog, ABBY, and the dog would not have suffered subsequent health complications and ultimately died before the age of two.

30.    Upon information and belief, as a result of the manufacturing and marketing of Defendants' canned and foil pouched dog and cat food products, Defendants have reaped huge profits; while concealing from the public, knowledge of the potential hazard associated with the ingestion of Defendants' canned and foil pouched dog and cat food products.

31.    Defendants failed to perform adequate testing in that the adequate testing would have shown that Defendants' canned and foil pouched dog and cat food products produced serious side effects with respect to which Defendants should have taken appropriate measures to ensure that its defectively designed product would not be placed into the stream of commerce and/or should have provided full and proper

7

warnings accurately and fully reflecting the scope and severity of symptoms of those side effects should have been made.

32.    Defendants' had notice and knowledge as early as February 20, 2007, that their Product presented substantial and unreasonable risks, and possible death, to animals consuming the Product.  As such, said consumers' dogs and cats, including Plaintiff's dog, ABBY, were unreasonably subjected to the risk of illness or death from the consumption of Defendants' Product.

33.    Despite such knowledge, Defendants, through their officers, directors, partners and managing agents for the purpose of increasing sales and enhancing its profits, knowingly and deliberately failed to remedy the known defects of Defendants' Product in a timely manner, failed to conduct testing in a timely manner, and failed to warn the public in a timely manner, including Plaintiff, of the serious risk of illness and death occasioned by the defects inherent in Defendants' Product.

34.    Defendants and their officers, agents, partners and managers intentionally proceeded with the manufacturing, distribution, sale and marketing of Defendants' Product, knowing that the dogs and cats ingesting the Defendants' Product would be exposed to serious potential danger, in order to advance their own pecuniary interests.

35.    Defendants' conduct was wanton and willful, and displayed a conscious disregard for the safety of the Product and particularly of the damage it would cause pet owners like the SIMS, entitling these Plaintiffs to exemplary damages.

36.    Defendants acted with conscious and wanton disregard of the health and safety of Plaintiff's dog, ABBY, and Plaintiff requests an award of additional damages for the sake of example and for the purpose of punishing such entities for their conduct,