Exhibit 2

FILED
LF APR 19 2007
APR 19, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

88/062334-237/537          PKJ/mmb                    #397

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GARY GRUSKI, Individually and on behalf of all Other Similarly Situated,<br><br>                                  Plaintiffs,<br>v.<br><br>MENU FOODS, INC., a Canadian Corporation, NUTRO PRODUCTS, INC., a California Corporation, and PETSMART, INC., an Arizona Corporation,<br><br>                                    Defendants. | 07CV2183<br>JUDGE DARRAH<br>MAG. JUDGE VALDEZ |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant MENU FOODS, INC. (hereinafter referred to as "MENU FOODS" or "Defendant"), pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal ("Notice") of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. The grounds for removal are as follows:

### I. INTRODUCTION

1. GARY BRUSKI (hereinafter referred to as "Plaintiff"), on behalf of himself, and all others similarly situated, filed this products liability action against defendants MENU FOODS, INC., NUTRO PRODUCTS, INC. and PETSMART, INC., in the Circuit Court of Cook County, Illinois, on March 23, 2007. Plaintiff alleges that his pet (dog) suffered from renal failure after consuming pet food manufactured and distributed by Defendants. Plaintiff further claims that he sustained compensatory damages in excess of $50,000, as a result of his dog's illness. A true and correct copy of the Complaint is hereto attached and incorporated by reference as Exhibit A.

2.   MENU FOODS has yet to be served with a copy of the Summons and the Complaint; however, makes this Notice having received notice of this action. Pursuant to 28 U.S.C. § 1441, this Notice of Removal is timely filed.

3.   As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and this action is removable under 28 U.S.C. § 1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different States. Therefore, pursuant to 28 U.S.C. § 1441(a), the Defendant may remove this action to this Court.

## II.   THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.   The Amount in Controversy Requirement Exceeds $5,000,000.

4.   It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $5,000,000, exclusive of costs and interest. Plaintiff filed this class action on behalf of himself and similarly situated individuals whose pets became ill and/or died after consuming various brands of allegedly tainted wet, or "cuts and gravy" style, dog and cat food manufactured by Defendants and distributed and sold throughout the State of Illinois. Plaintiff alleges that he has sustained damages in excess of $50,000, as a result of his dog's illness. In addition, Plaintiff alleges that other class members' dogs and cats have exhibited signs of renal failure, while other dogs and cats have even died of renal failure as a result of consuming the allegedly contaminated pet food in question. Plaintiff acknowledges that the members of the class are numerous and there are thousands of members of the class that are geographically dispersed throughout the entire state of Illinois. Plaintiff's prayer for relief seeks compensatory damages in excess of fifty thousand dollars ($50,000); punitive damages; and attorneys fees, on behalf of

himself and all the members of the class. Further, nowhere in the Complaint does the Plaintiff limit the amount in controversy to less than $5,000,000. See Exhibit "A."

5. "Where the class action complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Davis v. Chase Bank U.S.A., 453 F.Supp.2d 1205, 1208 (C.D. California, 2006). Under this standard, "the defendant must provide evidence that is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." Davis, 453 F.Supp.2d at 1208, citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 67 676, 683 (9th Cir.2006).

6. Based on the fact that MENU FOODS has issued what is purported to be one of the largest recalls (approximately 60,000,000 units) of products in the pet food industry's history, and the types of damages claimed in the Complaint, it is apparent that the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

7. Moreover, there are numerous pending class actions against MENU FOODS in various federal judicial districts (including the Northern District of Illinois, Eastern Division) in which the named plaintiffs allege that jurisdiction exists under 28 U.S.C. § 1332(d)(2). There is no reason to believe that the damages or amount in controversy, exclusive of costs and interests, claimed by the Plaintiff in this civil action will be less than those alleged in the pending federal cases.

8. MENU FOODS has therefore met its burden of showing a reasonable probability that the amount in controversy satisfies the federal jurisdictional amount.

B.   **Complete Diversity of Citizenship Exists.**

9.   There is complete diversity of citizenship between the Plaintiff and the Defendants in this action. Diversity in a class action is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10.   According to the Complaint, the named Plaintiff is a citizen of the State of Illinois.

11.   Defendant MENU FOODS, INC. is a New Jersey corporation with its principal executive offices located at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1) (West 2000). Thus, MENU FOODS is deemed to be a citizen of the State of New Jersey, and not the State of Illinois.

12.   The other named defendants, NUTRO PRODUCTS, INC., a California Corporation, and PETSMART, INC., an Arizona Corporation, have not appeared in this action to date. Accordingly, it is not necessary that any parties join in this Notice of Removal of Action.

13.   This case should be removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1332 and 1441, because (1) the Plaintiff is a citizen of the State of Illinois ; (2) MENU FOODS is not a citizen of the State of Illinois; and (3) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

III.   **PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

14.   This Notice of Removal is timely according to 28 U.S.C. § 1446(b).

15.   The Defendant, in good faith, believes that the amount in controversy exceeds $5,000,000, exclusive of costs, and complete diversity of citizenship exists.

16.  The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. § 93(a)(1).

17.  Pursuant to 28 U.S.C. §1446(d), the Defendant is filing written notice of this removal to all adverse parties and will file a copy of the notice with the clerk of the State court in which this action is currently pending.

WHEREFORE, the Defendant, MENU FOODS, INC., respectfully moves this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. 28 U.S.C. § 1332, 1441 and 1446.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By: _____
One of the Attorneys for MENU FOODS

Edward B. Ruff
Michael P. Turiello
Priya K. Jesani
Attorneys for MENU FOODS
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

28.062334-237/537  PKJ/mmb  #25017

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| GARY GRUSKI, Individually and on behalf of all Other Similarly Situated, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MENU FOODS, INC., a Canadian Corporation, NUTRO ) <br> PRODUCTS, INC., a California Corporation, and ) <br> PETSMART, INC., an Arizona Corporation, ) <br> ) <br> Defendants. ) | No: 07 CH 08338 |

### ATTESTATION

Priya K. Jesani, Esq, being first duly sworn on oath, deposes and states as follows:

1. She is one of the attorneys for the defendant/petitioner, MENU FOODS, INC., in this cause.

2. She has prepared and read the Notice of Removal filed in this cause and has personal knowledge of the facts and matters contained in it; and

3. The facts and allegations contained in the Notice of Removal are true and correct to the best of her knowledge.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By: _____
Priya K. Jesani

SUBSCRIBED and SWORN to
before me this 19 day of
April, 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MONICA M. BENDIK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-23-2008